UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN THE MATTER OF: | |
| Glyn Edwin Collins, | |
| Debtor. | Case No. 10-81143 |
| Sara A. Conti, Trustee in Bankruptcy for Glyn Edwin Collins, | |
| Plaintiff | |
| v. | |
| Glyn Edwin Collins, | |
| Defendant. | Adv. Proc. No. |

COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE

Now comes the Plaintiff, Sara A. Conti, Trustee for the estate of Glyn Edwin Collins (the "Debtor") and states as follows:

1. This case was commenced by the filing of a voluntary petition on June 30, 2010, seeking relief under Chapter 7 of the Bankruptcy Code. Sara A. Conti (the "Trustee") is the duly appointed trustee for the Debtor's estate.

2. The deadline for filing a complaint objecting to the Debtor's discharge was originally scheduled for September 21, 2010, but was extended by a subsequent order of this Court to November 21, 2010.

3. The Plaintiff is the duly appointed trustee for the Debtor's estate. The Defendant is the Debtor in this case, and a citizen and resident of Chapel Hill, North Carolina.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sections 157 and 1334, and venue is proper pursuant to 28 U.S.C. Sections 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(I).

*Denial of Discharge Pursuant to 11 U.S.C. §727(a)(4)(A)*

5. Section 727(a)(4)(A) of the Bankruptcy Code provides as follows:
"The court shall grant the debtor a discharge, unless the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account."

6. The Debtor owns, but did not list as part of his bankruptcy petition, two pieces of real property located at 213 Cates Farm Road, and 704 Martin Luther King Blvd., Chapel Hill, North Carolina. The value of the real property is $$400,000.00, and $132,000.00, respectively.

7. The Debtor filed his bankruptcy petition and schedules under oath and under penalty of perjury, and he knowingly and fraudulently failed to disclose his ownership interest in the real property described above.

8. The Trustee submits that the deliberate omission of the material information detailed in paragraph 4 above was a false oath for purposes of 11 U.S.C.§ 727(a)(4)(A), and accordingly denial of the Debtor's discharge is warranted under that provision.

*Denial of Discharge Pursuant to 11 U.S.C. §727(a)(2)(A)*

9. Section 727(a)(2)(A) of the Bankruptcy Code provides as follows:
"The court shall grant the debtor a discharge, unless the debtor with intent to hinder, delay or defraud a creditor … has transferred, removed, destroyed, or concealed property of the estate within one year before the date of the filing of the petition.

10. On December 2, 2009, the Debtor transferred real property located at 213 Cates Farm Road, Chapel Hill, North Carolina from himself to his wife, Jana Cates, with the intention to hinder, delay or defraud his creditors.

11. The transfer of real property by the Debtor to his wife was within one year of the bankruptcy petition, was without valid consideration and was made with intent to defraud the creditors of this estate, for purposes of 11 U.S.C.§ 727(a)(2)(A), and accordingly denial of the Debtor's discharge is warranted under that provision.

Wherefore, the Trustee prays the Court for an Order to deny the Debtor's discharge, and for such other relief as the Court may deem necessary and proper.

RESPECTFULLY submitted, this the 18th day of November, 2010.

                            S/Sara A. Conti
                            Sara A. Conti NCSB 9789
                            Attorney for Trustee
                            Post Office Box 939
                            Carrboro, NC 27510
                            Telephone:  919-967-3375