UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN THE MATTER OF:<br><br>Glyn Edwin Collins,<br>    Debtor.<br><br>Sara A. Conti, Trustee in Bankruptcy for Glyn Edwin Collins,<br><br>  Plaintiff<br>v.<br><br>Glyn Edwin Collins,<br><br>  Defendant. | Case No. 10-81143<br><br><br><br><br><br><br><br><br><br>Adv. Proc. No. 10-09115 |

MOTION TO APPROVE COMPROMISE AND SETTLEMENT

  COMES NOW, Sara A. Conti, duly appointed and acting Trustee of the above-named Chapter 7 Debtor, and Plaintiff herein, and files this Motion for Approval of Compromise and Settlement, and in support of the Motion respectfully shows the following:

1.  This case was commenced by the filing of a voluntary petition on June 30, 2010, seeking relief under Chapter 7 of the Bankruptcy Code. Sara A. Conti (the "Trustee") is the duly appointed trustee for the Debtor's estate and the Plaintiff herein.

2.  This Court has proper and personal jurisdiction over the subject matter hereof and the parties pursuant to 28 U.S.C. Sections 151, 157 and 1334, and the Standing Order entered by the U.S. District Court for the Middle District of North Carolina, and this is a core proceeding within 28 U.S.C. Section 157(b)(2).

3.  In response to Question 10, Other Transfers, of his Statement of Financial Affairs, the Debtor listed the following transfers to his wife, Jana Collins: (1) 11/14/08, Lot 42 Orange County Plat Book 72 Page 26, PIN 9779-16-7698 ("Wexford"); (2) 11/14/08, Lot 24 Orange County Plat Book 19 Page 103, PIN 9798-57-5698 (sold for $19,000 less than mortgage) ("The Oaks"); (3) 11/14/08, Orange County Plat Book 70 Page 74, PIN 9779-24-0255 ("Cates Farm Road Residence"). The Debtor indicated on Schedule A of his bankruptcy petition that he did not own any real property.

4.  On May 8, 2009, Jana Collins transferred the Wexford, Oaks and Cates Farm Road Residence back to herself and her husband as tenants by the entireties.

5.  On October 5, 2010, the Debtor amended his bankruptcy petition to include an interest, as tenants by the entireties, in the Cates Farm Road Residence and a condo located at 704

Martin Luther King, Jr. Blvd., Chapel Hill, North Carolina ("the Condo"). The Debtor submits that he did not knowingly and fraudulently fail to disclose ownership in real property, and that the omission on his bankruptcy petition was an oversight.

6. The Condo was purchased in 1988 with the Debtor's son, and was subsequently deeded to the son outright in 2001. Unbeknownst to the Debtor, the son never recorded the deed to himself, and the Debtor and Jana Collins still have a partial interest as tenants by the entireties, in the Condo. The Debtor has no joint debt, and any transfers related to the Condo are outside the period of disclosure or avoidance.

7. The Oaks property that was the subject of the transfers between the Debtor and Jana Collins, disclosed by the Debtor in his Statement of Financial Affairs, was sold to an unrelated third party at a loss, and is no longer owned by the Debtor.

8. The Wexford property was transferred from the Debtor and Jana Collins, as tenants by the entireties, to Jana Collins, individually, on December 2, 2009. The Debtor submits that there was consideration for this transfer in the form of forgiveness of debt in the amount of $200,000.00 incurred by Jana Collins with respect to the Oaks property. The Debtor submits further, that, prior to the transfer to Jana Collins, the Wexford property was held as entireties property, with no joint debt, and that he did not intend to hinder, delay or defraud his creditors when he transferred it to his wife.

9. The Cates Farm Road Residence is currently held by the Debtor and Jana Collins as tenants by the entireties. Notwithstanding the absence of joint debt, the Trustee submits that the November 14, 2008, transfer by the Debtor and Jana Collins, as tenants by the entireties, to Mrs. Collins, individually, is avoidable as a fraudulent transfer, and that if avoided, the Cates Farm Road Residence can be sold free of any exemption by the Debtor for the benefit of all creditors.

10. The value of the Cates Farm Road Residence is approximately $400,000.00, as indicated in the Debtor's Amended Schedule A, and there is approximately $340,000.00 debt secured by the property. The Debtor's interest in the remaining equity is approximately $30,000.00, and the Debtor has offered to settle this adversary proceeding by payment to the bankruptcy estate in the amount of $20,000.00.

11. The Trustee objected to the Debtor's discharge based upon his failure to disclose his interest in real estate and upon the transfer to his wife, within one year of the bankruptcy petition, of the Wexford property. The Trustee is satisfied that the omission of the real property from the Debtor's petition was not knowing or fraudulent. Additionally, the Trustee believes that the Debtor can show consideration for the transfer of the Wexford property and that he can provide circumstantial evidence of his lack of intention to hinder, delay or defraud his creditors.

12. Whether or not the Debtor's discharge is denied, the Trustee intends to pursue the avoidance of the transfer of the Cates Farm Road Residence from the Debtor and Jana Collins, as tenants by the entireties, to Jana Collins, individually, and if successful, to sell the Cates Farm Road Residence for the benefit of the Debtor's individual creditors. If the

Cates Farm Road Residence is listed for sale, the broker commission alone will consume at least $24,000.00, and the recovery for the estate is likely to be less than the recovery proposed by the settlement herein. In any event, in the current market, the likelihood of selling the property is questionable.

13. This appears to be a no-asset case, and the only source of potential recovery for the creditors lies in avoiding the transfer of Cates Farm Road Residence and selling the property. The Trustee can recover more from the Debtor, pursuant to the settlement proposed herein, than would be available at public sale after the costs of litigation and the costs of sale, and the settlement is in the best interest of the estate.

14. The costs of proceeding to trial on the Trustee's Complaint Objecting to Discharge will be significant. Additionally, the time and expense subsequently necessary to pursue the avoidance of the Cates Farm Road Residence transfer and, if successful, the sale of the property, are likely to consume any potential recovery which would otherwise be available for distribution to creditors.

15. Under Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Trustee must obtain Court approval of the settlement of any controversy arising in the administration of the estate, and in approving proposed settlements, the Court must consider certain factors established in case law developed under Rule 9019. *In re Magna Corp.*, 2003 WL 22078082, 3 (Bankr. M.D.N.C. 2003).

16. It is not clear that the Trustee will succeed in her objection to the Debtor's discharge, and subsequent litigation will be required, at additional expense to the estate, to attempt to recover assets for distribution to creditors. Accordingly, the Trustee submits that the proposed settlement is fair and reasonable, and is in the best interest of the estate based upon the following factors established by case law:
    a. the probability of success compared to the benefits offered by the settlement;
    b. the complexity of the matter in dispute;
    c. the expense, inconvenience and delay likely to result if the settlement is not approved;
    d. the stage of the proceedings;
    e. the experience and ability of counsel; and
    f. the extent to which the settlement is the product of arm's length negotiations and bargaining. *Matter of Energy Cooperative, Inc.*, 886 F. 2d 921, 927 (7th Cir. 1989); *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 497 (Bankr. S.D.N.Y. 1991).

WHEREFORE, the Trustee prays the Court to approve the settlement described in this Motion, and for such other and further relief as the Court deems just and proper.

RESPECTFULLY submitted, this the 3rd day of October, 2011.

                                                              S/Sara A. Conti
                                                              Sara A. Conti NCSB 9789
                                                              Attorney for Trustee
                                                              Post Office Box 939
                                                             Carrboro, NC 27510
                                                             Telephone: 919-967-3375

## CERTIFICATE OF SERVICE

      This is to certify that on the 3rd day of October, 2011, the undersigned served a copy of the fore-going in the above-captioned adversary proceeding, by depositing copies thereof in the United States Mail, postage prepaid, addressed to:

      Glyn Edward Collins
      213 Cates Farm Road
      Chapel Hill, North Carolina 27516

      Ruben Thomas Fernandez, Esq.
      Post Office Box 391
      Durham, North Carolina 27702

      Michael D. West, Esq.
      Post Office Box 1828
      Greensboro, North Carolina 27702

      RESPECTFULLY submitted this the 3rd day of October, 2011.

                                                  S/Sara A. Conti
                                                  Sara A. Conti